UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT T. PROVOST, SR.,

                                    Plaintiff,              6:06-CV-0701
                                                             (NPM)(GJD)

     v.

THE STATE OF NEW YORK; OFFICE OF THE NEW YORK
STATE ATTORNEY GENERAL; MARY B. KAVANEY,
Assistant Attorney General of the State of New York; G.
NICHOLAS GARIN, Assistant Attorney General of the State
of New York; JOHN PERONE, Temporary Receiver;
MANUFACTURERS AND TRADERS TRUST COMPANY;
BERNARD J. CASSERLY, Administrative Vice President,
Manufacturers and Traders Trust Company; VAN DEWATER
& VAN DEWATER, L.L.P., Attorneys; CYNTHIA S.
ROSENWEIQ, ESQ.; CHARLES H. HOWES., JR., Process
Server; MICHAEL E. GRAFF, Referee; THE STOCKADE
GROUP, L.L.C.; JOHN AND JANE DOE; and ELIOT SPITZER,
Attorney General of the State of New York,
                                                   Defendants.

---

APPEARANCES:

ROBERT T. PROVOST, SR.
Plaintiff, *pro se*

NEAL P. McCURN, Senior Judge

## DECISION and ORDER

### I. Introduction

      Presently before the Court is an amended complaint filed by plaintiff Robert T. Provost, Sr. Dkt. No. 7. This amended complaint was submitted by Provost in compliance with the Order issued by this Court on August 9, 2006 ("August Order"). Dkt. No. 4. For the reasons discussed below, the Court finds that the amended complaint fails to state a claim against the defendants upon which relief may be granted and, therefore, dismisses this action.

The August Order advised plaintiff that prosecutors are absolutely immune from liability under 42 U.S.C. § 1983 in matters involving the prosecution - or failure to prosecute - individuals. Dkt. No. 4 at 4. The August Order also advised plaintiff that the applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years. *Id.* at 5. Plaintiff was informed that he could not assert claims that occurred before May 30, 2003. *Id.* Plaintiff was advised that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *Id.* at 6. The August Order also informed plaintiff that the Court cannot hear claims asserted pursuant to § 1983 which are based on allegations of an unconstitutional state court judgment. *Id.* at 7.

## II. The Amended Complaint

### A. State of New York

A review of the amended complaint reveals that it fails to comply with the August Order. The Court notes that plaintiff continues to name the State of New York as a defendant in his amended complaint. It is clear, however, that plaintiff's claims against New York State are barred by the Eleventh Amendment to the United States Constitution. *See* U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988); *Amankwaah v. Cayuga County*, 1992 WL 296459 at *2-3 (N.D.N.Y. Oct. 16, 1995) (McCurn, C.J.). Therefore, the State of New York must be dismissed as a defendant in this action.

**B. Defendants Office of the New York State Attorney General, New York State Attorney General Eliot Spitzer, and Assistant Attorneys General Mary B. Kavaney and G. Nicholas Garin**

Plaintiff continues to assert claims against the Office of the New York State Attorney General, New York State Attorney General Eliot Spitzer, and Assistant Attorneys General Kavaney and Garin. Plaintiff contends in his amended complaint that these defendants are not entitled to absolute immunity because the alleged wrongdoing occurred during the investigation and prosecution of a civil case. Dkt. No. 7 at ¶ 25. A prosecutor may not be held liable under § 1983 in his or her individual capacity for acts in performance of official duties. *Imbler v. Paachtman*, 424 U.S. 409, 430-31 (1976). The doctrine of *Imbler* has been extended to government attorneys handling administrative proceedings, *Butz v. Econoou*, 438 U.S. 478, 512-17 (1978), and to their initiation of civil litigation in federal and state courts, *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986). Accordingly, the Office of the New York State Attorney General, Eliot Spitzer, Mary B. Kavaney, and G. Nicholas Garin are absolutely immune from liability and must be dismissed as defendants in this action.

Further, the Court notes that all claims raised by plaintiff concerning these defendants occurred prior to May 30, 2003. Plaintiff claims that "from the inception of the investigation" through the conclusion of his trial, these defendants violated plaintiff's rights. Dkt. No. 7 at ¶ 117. However, plaintiff was convicted on September 18, 2002. *Id.* at ¶ 92. Therefore, all claims concerning the actions of these defendants during the investigation and prosecution of the plaintiff are also barred by the statute of limitations.

**C. Defendant Perone**

Plaintiff alleges in his amended complaint that defendant Perone violated his duties as temporary receiver of plaintiff's former real property, including allowing the commencement of a foreclosure action. *Id.* at ¶¶ 58-76. As the Court noted in the

3

August Order, a judgment of foreclosure was granted for the property in question on December 23, 2002.  Therefore, any alleged wrongdoing on the part of defendant Perone as temporary receiver of that property necessarily occurred prior to the date of foreclosure and outside the three year statute of limitations.  Accordingly, John Perone is dismissed as a defendant in this action.

> **D.  Defendants Manufacturers and Traders Trust Company; Bernard J. Casserly; Van DeWater & Van DeWater, L.L.P.; Cynthia S. Rosensweiq, Esq.; Charles H. Howes, Jr.; The Stockade Group, L.L.C.; and John and Jane Doe.**

Plaintiff was advised by the August Order that he must allege state action on behalf of each defendant.  Plaintiff has not alleged state action on behalf of any of the above named defendants in his amended complaint.  In fact, plaintiff does not provide the Court with any additional information in his amended complaint regarding any of these defendants.  It appears that each of the above named defendants are private individuals or entities that were involved in the foreclosure sale of plaintiff's former real property.

Further, plaintiff does not assert any allegations of personal involvement against defendants Casserly, Van DeWater & Van DeWater, Rosensweiq, and John and Jane Doe.  "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.' " *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)).

While plaintiff does allege personal involvement on behalf of defendant Howes, his claim against that defendant is barred by the three year statute of limitations.

4

Plaintiff claims that defendant Howes failed to properly serve process on plaintiff in July of 2002.  Dkt. No. 7 at ¶ 167.  As previously noted, plaintiff is barred from asserting any claims that occurred prior to May 30, 2003.

For the foregoing reasons, defendants Manufacturers and Traders Trust Company, Bernard J. Casserly, Van DeWater & VanDeWater, L.L.P., Cynthia S. Rosensweiq, Charles H. Howes, Jr., The Stockade Group, L.L.C., and John and Jane Doe are dismissed as defendants in his action.

### E.  Defendant Michael E. Graff

Plaintiff alleges that defendant Michael E. Graff, the referee appointed by the state court to oversee the foreclosure proceeding, violated plaintiff's rights.  The Court lacks jurisdiction over this claim.  As noted in the August Order, the *Rooker-Feldman* doctrine prohibits federal district courts from hearing claims asserted pursuant to 42 U.S.C. § 1983, which are based on allegations of an unconstitutional state court judgment.  *Sanchez-Preston v. Judge Luria*, No. CV-96-2440, 1996 WL 738140, at *3 (E.D.N.Y. Dec. 17, 1996).

Any injuries allegedly suffered at the hands of this defendant arose from the state foreclosure judgment.  To remedy those injuries, this Court would be required to review that judgment or to readjudicate plaintiff's claim that the defendant mishandled the foreclosure proceeding.  The Court is plainly barred from providing such relief under the *Rooker-Feldman* doctrine.  *See Drew v. Chase Manhattan Bank*, No. 95-CV-3133, 1998 U.S. Dist. LEXIS 11616, at * 15 (E.D.N.Y. July 30, 1998).  Accordingly, Michael E. Graff is dismissed as a defendant in this action.

Further, the Court notes that all other claims raised by plaintiff concerning the

constitutionality of the foreclosure proceeding are also barred by the *Rooker-Feldman* doctrine.

### III. Conclusion

Based upon the foregoing, the Court finds that plaintiff's complaint fails to state a claim upon which relief may be granted by this Court, and must be dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is **DISMISSED**, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

At Syracuse,   November 22, 2006

_____
Neal P. McCurn
Senior U.S. District Judge